UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                           |   |                          |
|---------------------------|---|--------------------------|
| TANYA ZUCCONI,            | ) |                          |
|                           | ) |                          |
|    Plaintiff, | ) |                          |
|                           | ) |                          |
| v.                        | ) | Civil No. 17-11227-LTS   |
|                           | ) |                          |
| SRG TECHNOLOGY LLC,       | ) |                          |
| and NEIL STERLING         | ) |                          |
|    Defendants. | ) |                          |

ORDER ON MOTION TO DISMISS

May 21, 2018

SOROKIN, J.

On or about February 1, 2015, Tanya Zucconi 2017 formed an employment relationship with SRG Technology LLC ("SRG") described in a contract ("the Agreement"). Doc. No. 18 at ¶¶ 7-8; see Doc. No. 18-1. Zucconi now alleges two contract claims and three Massachusetts statutory claims against SRG and its CEO Neil Sterling. Doc. No. 18.

Defendant Sterling moves to dismiss for lack of personal jurisdiction. Doc. No. 20 at 9-12. This request is DENIED. Zucconi's factual submissions in her opposition, Doc. No. 21, plainly establish the Court's specific jurisdiction over Sterling with respect to all of the claims alleged in the complaint under the applicable standard. See Int'l Shoe Co. v. State of Wash., Office of Unemployment Comp. & Placement, 326 U.S. 310, 316 (1945) (requiring a defendant to have maintained "minimum contacts" with forum "such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice"). Sterling was President of SRG, he directed the company's expansion into Massachusetts, hired Zucconi to work in Massachusetts, supervised her work and the work of others in Massachusetts, and he came to

1

Massachusetts for work with Zucconi. See Doc. No. 21-1. Thus, the Court proceeds to the merits of the motion to transfer, Doc. No. 19, as to both defendants.

All parties agree that the venue selection clause in the Agreement implies exclusivity. See Lambert v. Kysar, 983 F.2d 1110, 1113 (1st Cir. 1993) (finding that a forum-selection clause was impliedly mandatory where it stated "venue shall lie exclusively in Clark County, Washington."). The clause encompasses any claims "in connection with the terms of the Agreement." Doc. No. 18-1 at ¶ 5. The parties agree this language encompasses the two contract claims in the complaint, they dispute whether it reaches the non-contract claims. This language, which reaches more than only those claims arising under the agreement, encompasses Zucconi's statutory claims, all of which concern her working relationship with the defendant—much of which is defined by or described in the agreement. See Optasite, Inc. v. Robinson, No. CIV.A.07 40023 FDS, 2007 WL 2259106, at *2 (D. Mass. July 31, 2007) (applying forum selection clause to "non-contract claims where the basic source of any duty owed by defendants to the plaintiff is derived from the contractual relationship structured by the underlying agreement."); see also Jacobson v. Mailboxes Etc. U.S.A., Inc., 419 Mass. 572, 577, 646 N.E.2d 741, 745 (1995) (agreeing with California courts' view that a forum selection clause, which governed "any controversy arising under or in connection with [the Agreement]," extended broadly to non-contract claims). Thus, the venue selection clause establishes Florida as the venue for all of the claims in the Complaint.

However, Massachusetts law excerpts situations constituting a "special contract"—an effective denial of the protections of the Massachusetts Wage Act—from the reach of a forum selection clause. Melia v. Zenhire, Inc., 462 Mass. 164, 170, 967 N.E.2d 580, 587 (2012); Mass. Gen. Laws Ann. ch. 149, § 148. A dispute is exempted from the reach of a forum selection

clause when three conditions are met: "[1] the employee's claim is covered by the Wage Act; [2] the court of the forum State, applying its choice-of-law principles, would choose a law other than that of Massachusetts to govern the dispute; and [3] application of the foreign law will deprive the employee of a substantive right guaranteed by the Wage Act." Id. at 595.

The choice of law provision of the Agreement provides:

> Any questions or matters arising under this agreement as to validity, construction, or performance, or otherwise, shall be construed or determined in accordance with the laws of the State of Florida, without reference to its conflicts of law provision.

Doc. No. 18-1 at ¶ 5.

Defendants concede not only that the first and third prongs of the exception are established but that they bear the burden to establish by a preponderance of the evidence that the choice of law provision is not a "special contract" under the second prong such that Massachusetts would preclude enforcement of the choice of law provision. See Doc. No. 24 at 2-3. They argue that this is not a "special contract" because Florida courts would apply the Massachusetts Wage Act to the parties' working relationship because the "arising under" choice of law language in the Agreement is narrow as construed by Florida courts. Id. at 2-4.

Florida law first considers the plain language of contracts in the course of their interpretation and enforcement. See Murley v. Wiedamann, 25 So. 3d 27, 29 (Fla. Dist. Ct. App. 2009) ("When interpreting a contract, the court must first examine the plain language of the contract for evidence of the parties' intent."). Under Florida law, the plain language of the choice of law provision, which by its terms applies only to "questions or matters arising under" the Agreement, does not extend to Zucconi's statutory claims, which arise under Massachusetts law rather than the Agreement. See MacIntyre v. Lender Processing Servs. Inc., No. 3:13-CV-89-J-25JBT, 2014 WL 12689881, at *3 (M.D. Fla. Apr. 29, 2014) (applying Minnesota Wage

3

Act to plaintiff's claims where plain language of choice of law provision in contract at issue governed only the construction and enforcement of parties' contract).[1] Cf. Cooper v. Meridian Yachts, Ltd., 575 F.3d 1151, 1162 (11th Cir. 2009) (holding that contractual provision selecting Dutch law for all claims "in connection with" the agreement reaches tort claims while a provision selecting law only to govern the agreement does not). The same analysis of the choice of law provision would apply if the Court construed the provision under Massachusetts law. See Ossenbruggen v. Cowan Sys., LLC, No. CV 15-10529-GAO, 2016 WL 1183447, at *3 (D. Mass. Mar. 28, 2016). Moreover, before this Court, Defendants specifically argued that non-application of the choice of law provision to statutory claims is the result that Florida courts would reach. The Court relies on this representation. This construction also gives effect to the provision as drafted by the parties and in accordance with the public policy of the state of Massachusetts and Massachusetts Law as recognized by the State Supreme Court. See Melia, N.E.2d at 588.

---

[1] The Court also notes that Florida construes choice of law provisions "narrowly" and ordinarily finds contractual choice of law provisions inapplicable to tort claims. Dickinson v. Exec. Bus. Grp., Inc., 983 F. Supp. 1395, 1398 (M.D. Fla. 1997) ("Claims arising in tort are not ordinarily controlled by a contractual choice of law provision."); accord Adios Aviation, LLC v. El Holdings I, LLC, No. 15-61218-CIV, 2015 WL 12564317, at *3 n.2 (S.D. Fla. Sept. 29, 2015) (quotations omitted) ("Claims arising in tort are not ordinarily controlled by a choice of law provision in a contract; rather, they are decided according to the law of the forum state.").

For the forgoing reasons, Defendants' motion to transfer (Doc. No. 19) is ALLOWED. The Court takes this action because, the Court has concluded, as urged by defendant, that the choice of law provision does not apply to Zucconi's statutory claims.[2] The clerk shall transfer this case to the United States District Court for the Southern District of Florida, Fort Lauderdale Division.

SO ORDERED.

 /s/ Leo T. Sorokin
Leo T. Sorokin
United States District Judge

---

[2] Had the Court concluded that the choice of law provision required application of Florida law to all aspects of the parties' dispute, that construction would preclude application of the Massachusetts Wage Act, render the choice of law provision a "special contract" precluding enforcement of the forum selection clause, and result in, at least, the three non-contract claims remaining in this Court.